Roy L. TARTER, Appellee,

v.

MonARK BOAT COMPANY, Appellant.

No. 77–1577.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1978.
Decided May 8, 1978.

Francis L. Kenney, Jr. of Kenney, Leritz & Reinert, St. Louis, Mo. (argued), for appellant; William S. Arnold of Arnold Hamilton & Streetman, Corssett, Ark., on brief.

Maureen Swihart of Klamen, Summers & Compton, St. Louis, Mo. (argued) for appellee; Marvin Klamen, St. Louis, Mo., on brief.

Before MATTHES, Senior Circuit Judge, HEANEY, Circuit Judge, and MacLAUGHLIN,* District Judge.

* The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota, sitting by designation.

PER CURIAM.

In this diversity action plaintiff-appellee, a citizen of Missouri, sued MonArk Boat Company, defendant-appellant, a corporation organized and existing under the laws of Arkansas, for breach of a contract executed on August 12, 1972. The contract provided *inter alia,* that in exchange for the payment by plaintiff of $160,000, MonArk was obligated to construct a 58-foot custom-built aluminum houseboat. Twenty percent of the purchase price was payable on the signing of the contract, twenty percent upon completion of the hull, twenty percent upon installation of the cabin, twenty percent upon setting of the machinery, ten percent upon completion of the boat, and ten percent upon delivery. Between August 10, 1972, and July 9, 1973, plaintiff paid four installments of $32,000 each to MonArk, for a total of $128,000.

The houseboat was eventually constructed by another company, AlumaShip, Inc., to whom plaintiff's contract had been assigned. The boat, as delivered to plaintiff, was deficient in many respects. Repeated efforts by plaintiff to prevail upon MonArk to remedy the defects were unavailing and this litigation ensued.

The evidence was submitted to The Honorable John F. Nangle, who found the issues for plaintiff and rendered a judgment in his favor for a total of $39,915.22, which was substantially less than the amount plaintiff claimed the evidence established as his damages. The amount of the judgment is not in dispute on appeal.

The district court filed comprehensive findings of fact and conclusions of law. *Tarter v. MonArk Boat Co.,* 430 F.Supp. 1290 (E.D.Mo.1977). Inasmuch as the district court has accurately delineated the essential evidence in its findings and the premise for its judgment, we forego a repetition of the facts.

Succinctly stated, the main controversy centers on the question of whether a novation occurred by reason of the assignment of the contract to AlumaShip, Inc. The district court addressed this issue, *id.* at 1293–94, and concluded that the evidence failed to establish an express or implied consent on the part of plaintiff to relieve MonArk of its contractual obligations to plaintiff.

MonArk presses the same contention in this court and argues that the court's findings on the novation question are clearly erroneous. We decline to accept the position and argument espoused by MonArk. Indeed, on this record, the findings of the district court are supported by substantial evidence, are not clearly erroneous, and were not induced by an erroneous view of the law.

A review of the entire evidence does not "[leave us] with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). Consequently, we affirm on the basis of the soundly-reasoned opinion of the district court.