Estel Leon **MOZEE**, Plaintiff,

v.

Steven **KUPLEN** and **Ber–Kup,
Inc.**, Defendants.

Civ. A. No. 87–2359–V.

United States District Court,
D. Kansas.

March 6, 1991.

Karen K. Howard, Howard & Singleton, Kansas City, Mo., Linda Skinner, Overland Park, Kan., Ann E. Robards, Kansas City, Mo., for plaintiff.

John J. Jurcyk, Jr., Terri Savely Bezek, Mcanany, Van Cleave & Phillips, P.A., Kansas City, Kan., for defendants.

### ORDER

VAN BEBBER, District Judge.

This was an action for breach of express warranties and fraud brought by plaintiff Estel Mozee arising out of his purchase of a 1978 Ford dump truck from defendants Steven Kuplen and Ber–Kup, Inc. A trial was conducted in this case from August 6 through August 8, 1990. The jury re-turned a verdict in favor of plaintiff in the amount of $14,680.00. Judgment was entered in that amount on August 9, 1990. Defendants thereafter filed various post-trial motions. On February 4, 1991, defendants' motions were heard by the court: (1) motion to enforce court orders awarding sanctions to defendants (Doc. 181); (2) motion to retax costs (Doc. 189); and (3) motion for new trial, or, in the alternative, for remittitur (Doc. 182). This order memorializes the court's findings, and sets forth its decision concerning defendants' motion for a new trial and motion to retax costs.

*Motion to Enforce Court Orders*

On May 16, 1989, Judge Saffels, of this court, imposed sanctions against plaintiff in favor of defendants in the amount of $469.60. On September 5, 1989, the Tenth Circuit ordered plaintiff to pay defendants $55.00 in costs which were incurred because of plaintiff's premature appeal. Plaintiff has failed to pay the sanctions or costs. Therefore, we hereby order that the sum of $524.60 be offset against the costs assessed against defendants in this case.

*Motion to Retax Costs*

On September 19, 1990, the Clerk of the Court taxed costs against defendants in the amount of $1029.10. Defendants, pursuant the D.Kan. Rule 219, have requested that the court review the costs as taxed and to disallow all costs, or to reduce the costs taxed to an amount not exceeding $638.85. For the reasons well-stated in defendants' motion to retax costs, we conclude that the costs of this case shall be reduced and assessed at $638.85. 28 U.S.C. § 1920. Subtracting from that amount the amount of the offset, as ordered above, the costs of this action are to be taxed against defendants in the amount of ·$114.25.

*Motion for New Trial*

Defendants also move the court for a new trial or, in the alternative, for remittitur. Fed.R.Civ.P. 59. In their motion for new trial, defendants assert that prejudicial error was entered into the record in the following respects: (1) Instruction No. 18 to the jury as to the calculation of damages was erroneous and permitted plaintiff to obtain duplicative recovery; (2) Testimony

and arguments regarding the status of the odometer on the truck were improperly permitted during the trial; (3) Plaintiff was improperly permitted to testify as to the cause of the June 2, 1987, accident; (4) The court improperly permitted plaintiff to testify as to the repair costs when there was no basis in the record to determine that those repairs were reasonable and necessary; and (5) Plaintiff's counsel improperly argued the theory of piercing the corporate veil in closing arguments. In the alternative, defendants ask the court to issue an order remitting the jury verdict to an amount consistent with the appropriate damage instruction and the evidence in the case.

Motions for new trial are committed to the sound discretion of the trial court. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman,* 740 F.2d 1476, 1491 (10th Cir. 1984). In reviewing a motion for new trial, we should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment, Inc.,* 464 U.S. at 553, 104 S.Ct. at 848. Additionally, "the party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983). The alleged trial court errors must be prejudicial and clearly erroneous. Also, error in the admission or exclusion of evidence, and no error in ruling or order of the court or anything done or omitted by the court can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmussen Drilling, Inc. v. Kerr–McGee Nuclear Corp.,* 571 F.2d 1144, 1148–49 (10th Cir.), *cert. denied,* 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978); Fed.R.Civ.P. 61.

We have reviewed the parties' memoranda regarding the case and have also reviewed the record of the case. We conclude that, in their motion for new trial, defendants have failed to show that prejudicial error was made, or that the verdict is not based on substantial evidence. If error was made, we conclude that it was not prejudicial and did not affect substantial rights of the parties. Defendants' motion for a new trial is denied.

However, we conclude that defendants have shown that Instruction No. 18, as given to the jury, was erroneous. That instruction read as follows:

If you find for plaintiff on his claims you must determine what damages, if any, that he should be awarded. The measure of damages in this case is the difference of the amount plaintiff paid for the truck and the actual market value of the truck at the time of the sale. These values are to be determined by you from the evidence of the case. If you find for plaintiff he may also recover the costs he expended in repairing the truck. Plaintiff's damages may not exceed $22,293.00 to the truck.

We conclude that the instruction was erroneous in that it permitted plaintiff to claim damages for both the difference in value of the truck as well as repair costs. In warranty cases, damages are measured by the difference between the warranted value and the actual value. *See* PIK 13.16. Generally, "difference in value" damages are calculated based on the costs of repairs necessary to bring the product up to the warranted condition. *See e.g., Tarter v. MonArk Boat Co.,* 430 F.Supp. 1290 (E.D. Mo.1977), *aff'd,* 574 F.2d 984 (8th Cir.1978). Thus, "difference in value" and repair costs, in warranty cases, are the same thing. Instruction No. 18, because it allowed damages for both "difference in value" and repair costs, bestowed upon plaintiff duplicative recovery. We conclude that the verdict entered in this case should be remitted to conform to the law and the evidence evinced at trial.

The evidence evinced at trial showed that the actual value of the truck was at least $5,900. Plaintiff testified that the truck, as warranted, was worth $16,300. Accordingly, the maximum damages that plaintiff should have received for the truck, if the jury had been properly instructed, was $10,400.00. That portion of the verdict in

this case is remitted to conform to that amount. Fed.R.Civ.P. 59.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion to enforce court orders (Doc. 181) is granted. The amount of $524.60 shall be offset against the costs taxed against defendants.

IT IS FURTHER ORDERED that defendants' motion to retax the costs of this action (Doc. 189) is granted. The Clerk of the Court is directed to retax costs against defendants in the amount of $114.25. That amount reflects the total amount of costs after the offset noted above.

IT IS FURTHER ORDERED that defendants' motion for a new trial (Doc. 182) is denied.

IT IS FURTHER ORDERED that defendants' motion for remittitur (Doc. 182) is granted. Plaintiff's damages for the truck in this case is hereby remitted to the sum of $10,400.

IT IS SO ORDERED.